IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONALD JAY MORTON,

        Petitioner,

      v.                                 Civil Action No. 2:25-cv-284

JOSEPH WALTERS, [1]
Director of the Virginia
Department of Corrections.

        Respondent.

## **FINAL ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Dkt. No. 1, and Respondent's Motion to Dismiss, Dkt. No. 14. Petitioner, Ronald J. Morton, alleges fifteen violations of his constitutional rights pertaining to convictions in the Circuit Court for the City of Alexandria for conspiracy to commit racketeering and conspiracy to distribute more than one kilogram of heroin, resulting in a sentence of forty years of incarceration, with twenty-five years suspended. On January 2, 2026, Magistrate Judge Krask issued a Report and Recommendation ("R&R") that recommended granting Respondent's Motion to Dismiss, denying the Petition, and dismissing the Petition with prejudice. Dkt. No. 21. Morton timely objected. Obj., Dkt. No. 24; *see also* Dkt. No. 26. For the reasons stated below, Morton's objection will be OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 14, will be GRANTED, and the Petition, Dkt. No. 1, will be DENIED and DISMISSED WITH PREJUDICE.

---

[1]    It is ORDERED that the Petition shall be deemed amended to substitute as the sole respondent in this proceeding Joseph Walters, Director of the Virginia Department of Corrections. *See* Rule 2 of Rules Gov. § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d).

Morton raises nineteen total objections to the R&R. He asserts three "global objections" where he primarily takes issue with the Magistrate Judge's inclusion of the factual summary of the case from the Supreme Court of Virginia's order denying Morton's state habeas petition. Obj. at 2–5; *see* R&R, at 4–7 (quoting *Morton v. Clarke*, Record No. 220626 (Va. Nov. 22, 2024) (unpublished order), Dkt. 12-1, at 205–09). Morton also makes sixteen specific objections related to the various grounds raised in his petition. Obj. at 5–14. The Court will consider each argument in turn.

I.   Objections 1–3: Consideration of Facts from the Supreme Court of Virginia's Order

Morton's first three objections center on his disagreement with the factual background of his case as described by the Supreme Court of Virginia in its order denying Morton's state habeas petition. The Magistrate Judge quoted these facts in the R&R's "Statement of Facts" and indicated that the Supreme Court of Virginia had summarized the case as quoted. Morton first takes issue with the fact that Morton operated under the alias "Darrell Ricardo Price" throughout the conspiracy. Obj. at 2–3. Morton also challenges the finding that law enforcement officers observed Morton meeting with coconspirator Gregory Taylor to further their drug trafficking efforts. *Id.* at 4. Finally, Morton objects to the use of facts relating to "contraband discovered . . . two days after the charged conspiracies ended to uphold the validity of [Morton's] guilty plea." *Id.* at 4.

Morton's three global objections are essentially new arguments alleging that the state court's finding of guilt "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Morton, however, did not raise these arguments in his initial habeas petition in state court or in his Petition to this Court. *See Samples v. Ballard*, 860 F.3d 266, 273–75 (4th Cir. 2017); Dkt. No. 12-1, at 209–221. In evaluating a state court's habeas denial, a federal court "is limited to the record that was before the

2

state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). Consequently, the Court cannot grant the Petition on these newly asserted arguments.

In any event, Morton pled guilty to his charges, and in doing so he agreed under oath to the truth of the Commonwealth's proffered statement of facts—the facts which were later outlined by the Supreme Court of Virginia. *See* Dkt. No. 12-1, at 245–52. Morton's attorney agreed to the Commonwealth's statement of facts, and he noted a slight variation to the facts when he stated that Morton "asserts that the drug dealing relationship" between Morton and Taylor "was no more than a six-month period of time" as opposed to being a two-year long relationship. *Id.* at 251. In short, Morton's "global objections" only amount to an argument that the evidence before the state court was somehow incorrect. However, to prevail on an argument that the state court's determination was unreasonable under § 2254(d)(2), the determination "must be more than merely incorrect or erroneous." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010). The determination must be so against the weight of the evidence that it is objectively unreasonable. *Id.* Based on Morton's own admission to the Commonwealth's statement of facts and on his own characterization of the evidence, Morton simply fails to meet this very high standard.

Morton's first three objections are overruled.

II.     Objection 4: State Trial Court's Subject Matter Jurisdiction

Morton argues that the R&R erroneously determined that the state trial court had jurisdiction because "the prosecution relied solely on uncorroborated hearsay, post-conspiracy statements, and speculative inferences" and that there was no evidence that Morton participated "in any Virginia-based criminal conduct." Obj. at 5–6. This objection relates to Ground 1 of the Petition. Dkt. No. 1 at 16–20. As the Magistrate Judge explained, this argument relies solely on an analysis of state statutes and caselaw – an area that is not reviewable for a federal habeas petition.

R&R at 15–16. The Magistrate Judge's reasoning is supported by well-established precedent stating that a federal district court is bound by "a final determination of state law by the highest court of the state." *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (citation omitted). Given that Morton's argument is that the Supreme Court of Virginia incorrectly applied state law, this Court cannot review or change its ruling now in a habeas petition. Furthermore, even assuming that this Court could reach the merits of the argument, the Court notes that Morton admitted to being part of a drug trafficking conspiracy and that, at a minimum, his coconspirators unlawfully sold drugs in Virginia. *See United States v. Snead*, 527 F.2d 590, 591 (4th Cir. 1975) ("Even if he did not know, however, each member of the conspiracy is responsible for the acts of the others in furtherance of the conspiracy, and all conspirators may be tried where any of those acts are performed.").

For these reasons, the objection is overruled.

III.    Objection 5: Inability to Retain Counsel of His Choice

Morton next contends that the Magistrate Judge should have ruled on the merits of Morton's second ground as opposed to finding that *Slayton v. Parrigan*, 205 S.E. 2d 680 (Va. 1974), barred habeas review of the claim.[2] Obj. at 6–7. For Ground 2, Morton alleged that he was denied the ability to retain the attorney of his choice because the Commonwealth had seized his bank account that was used to collect funds from the drug sales. Pet. at 19–20. As explained below,

---

[2]    The Magistrate Judge also found that *Slayton v. Parrigan* barred review of Morton's arguments that "the trial court violated his right to due process when it accepted his guilty pleas without conducting a competency hearing" (Ground 5(b)) and that "the trial court violated his right to due process because it was not fair and impartial when hearing his motion to withdraw his pleas" (Ground 9(a)). R&R at 10. Morton does not raise any objection to the Magistrate Judge's application of *Slayton* to these two arguments, and this Court does not find any error in the Magistrate Judge's reasoning here. Therefore, the Court adopts the reasoning of the R&R on these points.

the Magistrate Judge did not err in declining to consider this ground on the merits.

As explained in the R&R, the Supreme Court of Virginia's decision in *Slayton v. Parrigan* prevents "state habeas review of claims that were available to petitioner at trial or on direct appeal, if petitioner failed to raise them at that time." *Goins v. Angelone*, 226 F.3d 312, 327 (4th Cir. 2000); *see also* R&R at 10. When the Supreme Court of Virginia determines that a petitioner has procedurally defaulted a claim under *Slayton*, then this Court is prevented from reviewing that same claim. *See Goins*, 226 F.3d at 327–28. The Supreme Court of Virginia found that *Slayton* barred review of Ground 2, and therefore this Court cannot reach the merits of this argument either. *See* Dkt. No. 12-1, at 211.

In addition, as explained by the Magistrate Judge, Morton cannot show either cause for the default or that a fundamental miscarriage of justice occurred as a result of the alleged deprivation of his choice of counsel. *See Goins*, 226 F.3d at 328 (federal review of claim barred by *Slayton* is permitted if petitioner can show "(1) there is cause for, and actual prejudice from, the default; or (2) the failure to review the claim would result in a fundamental miscarriage of justice"). While Morton contends that he was unconstitutionally deprived of his choice of counsel, he does not provide any reason to justify why he did not raise this specific argument on appeal in Virginia state court. Examples of cause to justify procedural default include "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citation modified). Here, Morton (and Morton's appointed counsel) knew about the allegedly illegal seizure of his accounts prior to filing Morton's direct appeal in state court. Morton does not provide any reason why he did not raise this argument, and Morton does not contend in this ground that his court appointed counsel was ineffective for failing to raise this argument.

5

Therefore, the Magistrate Judge correctly determined that Morton failed to justify his procedural default of this ground. The objection is overruled.

IV.   Objection 6: Right to Counsel at March 27, 2017, Hearing

Morton objects to the Magistrate Judge's recommendation to deny Ground 3 of his petition, which alleges that Morton was denied any representation at his initial court appearance in circuit court on March 27, 2017. Morton contends that the Magistrate Judge erroneously relied on the Supreme Court of Virginia's analysis of what occurred at the March 27, 2017, hearing, and that this hearing was a critical stage of the proceedings that required court appointed counsel. Obj. at 7. The Magistrate Judge followed the Supreme Court of Virginia's reasoning which determined that the March 27, 2017, hearing was Morton's "initial appearance before a court not of record for purposes of advising him of his right to bail and for appointment of counsel if appropriate." Dkt. No. 12-1, at 211.

Morton was appointed counsel at this hearing. *Id.* But Morton alleges that this was a "critical stage" that required counsel to already be present because he was "already arrested, already charged, already extradited and in Virginia custody, and [his] case was already acted upon by the court."[3] Obj. at 7–8. However, a "critical stage" of a proceeding is a "trial-like confrontation[], at which counsel would help the accused 'in coping with legal problems or . . . meeting his adversary." *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 212 n. 16 (2008) (citation modified). Even assuming that Morton's Sixth Amendment rights attached prior to this hearing, this hearing was not a "critical stage" of Morton's case because it was not adversarial nor a "trial-

---

[3]   Morton argues that the trial court granted the Commonwealth's *nolle prosequi* at the March 27, 2017, hearing for the charges of which Morton later pled guilty. For reasons explained *infra* in Part V, this is argument is incorrect.

like confrontation." *Id.*

In short, this was not an adversarial hearing that required counsel to be present, and the Magistrate Judge correctly determined that Ground 3 should be denied on that basis. The objection is overruled.

V.    Objection 7: Failure to Find Charges Were *Nolle Prossed*

Morton objects to the Magistrate Judge's recommendation to deny Ground 4, which alleges that Morton's trial counsel was ineffective because he failed to discover that Morton's charges were actually dismissed by *nolle prosequi*. The Magistrate Judge found that "[t]he record contains no indication that the Commonwealth moved to *nolle prosequi* the charges against Morton." R&R at 29. After reviewing the circuit court's record, the Magistrate Judge is correct. There is no evidence that the Commonwealth ever filed a motion to *nolle prosequi* the charges that Morton pled guilty to, nor is there evidence that any court granted a motion to *nolle prosequi* those charges.

Morton references an August 20, 2019, letter sent by the Clerk of the Circuit Court for the City of Alexandria which states that the court "does not have anything to do with your case being Nolle Prosequi on March 27, 2017, which occurred in the City of Alexandria General District Court." Circuit Court Record, at 713. In Case Number GC17000978-00, Morton was charged with manufacturing a controlled substance, and that charge was *nolle prossed* by the Alexandria General District Court on March 27, 2017. *See* Virginia Judiciary Online Case Information System 2.0, *Morton, Ronald Jay*, https://eapps.courts.state.va.us/ocis/landing. Here, court records associated with the conviction Morton now challenges reference different case numbers, CR17F00105-01 and -02. *Id.* The record clearly shows that Morton pled guilty to the charges in these cases in the Alexandria Circuit Court. *See* Dkt. No. 12-1, at 212, 233–56; Circuit Court Record, at 1, 226. The record does not contain anything to indicate that the Commonwealth moved

7

to *nolle prosequi* the charges in Case Number CR17F00105-01 and -02.

In conclusion, Morton's trial counsel was not ineffective because Morton pled guilty to charges that were not dismissed. The objection is overruled.

VI.     Objection 8: Lack of a Competency Hearing

Morton objects to the Magistrate Judge's recommendation to deny Ground 5(a) which alleges that Morton's trial counsel was ineffective for failing to request a competency hearing. Morton argues in this objection that the Magistrate Judge incorrectly found that the evidence showed that Morton was competent throughout his case. Obj. at 9. In coming to this conclusion, the Magistrate Judge noted that "Morton's responses during the plea colloquy revealed an ability to understand the charges against him and assist counsel." R&R at 30. For example, Morton asked multiple clarifying questions, and the circuit court then found that Morton had entered the pleas "freely, intelligently, and voluntarily . . . with an understanding of the nature of the charges and the consequences of the plea." *Id.* at 30–31; Dkt. No. 12-1, at 246.

As the Magistrate Judge correctly determined, nothing in the record or in Morton's pleadings suggests that Morton did not have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). Morton's trial counsel would therefore have no reason to believe that a competency hearing would have been necessary. There was no basis for a competency hearing to be requested, and therefore Morton's trial counsel simply was not ineffective for not requesting one. This objection is overruled.

VII.     Objections to Ground 6 (Objections 9–14)

Morton raises a number of objections relating to the Magistrate Judge's recommendation to deny Ground 6 of Morton's petition. In Ground 6(a), Morton argues that his trial counsel was ineffective because the attorney failed to investigate facts relating to the search of Morton's property and that the attorney failed to competently litigate the alleged Fourth Amendment violation. Pet. at 29. In Ground 6(b), Morton argues that the trial court violated Morton's due process rights because it relied on evidence that should have been excluded.[4] Pet. at 32. In these objections, Morton focuses on his arguments for Ground 6(a) and contends that the Magistrate Judge should have found that Morton's trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), and that Morton was prejudiced as a result of his attorney's alleged failure to adequately move to suppress evidence obtained from a search of Morton's home and vehicle.

The Magistrate Judge found that Morton's post-conviction claims of ineffective assistance of counsel were belied by the statements that Morton unequivocally made at his plea hearing and that Morton failed to offer a non-frivolous reason why he should not be bound by his prior statements attesting to the adequacy of his trial counsel. R&R at 33–36. Notably, Morton's trial counsel filed a motion to suppress the evidence that was obtained as a result of the search of Morton's property, and he vigorously argued against the adequacy of the search warrant that was issued. *See* Circuit Court Record, at 59–61; 305–19. Morton's counsel raised many of the same arguments that Morton now contends he should have raised in the first place, and the circuit court

---

[4]     The Magistrate Judge found that this Court is barred from reviewing Ground 6(b) because Morton did not present this argument to the Supreme Court of Virginia on direct appeal or in habeas proceedings. R&R at 9. Morton does not challenge the merits of this argument in an objection, and this Court finds no error in the Magistrate Judge's ruling on Ground 6(b).

rejected those arguments by denying the motion to suppress. *Id.* at 305–19. During his plea hearing, Morton told the circuit court that he was satisfied with the services of the attorney who argued this motion. *Id.* at 360.

As the Magistrate Judge notes, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Morton does not provide any reason why his trial counsel's vigorous arguments to suppress the evidence were inadequate, and the Magistrate Judge's reasoning on Ground 6(a) properly states why Morton was not prejudiced by his trial counsel's services.[5]

Objections 9, 10, 11, 12, 13, and 14 are therefore overruled.

VIII.     Objection 15: Trial Counsel's Decision to Leave Jurisdiction Question for Jury

In this objection, Morton argues that the Magistrate Judge erroneously recommends denying Ground 7 of the petition, which argues that Morton's trial counsel was ineffective because he chose to withdraw a motion to dismiss for lack of jurisdiction and instead present those facts to the jury. The Magistrate Judge found that Morton's trial counsel's strategic decision to put a fact-intensive question before the jury, rather than making such argument in a pretrial motion, was not ineffective assistance of counsel. R&R at 37. The Magistrate Judge also found—just like the Supreme Court of Virginia found—that Morton "failed to offer a valid basis not to be bound by his sworn statements during the plea hearing that counsel's performance was satisfactory." *Id.* at 38; Dkt. No. 12-1, at 214–15.

---

[5]     In Objections 9 and 12, Morton contends that the Magistrate Judge misapplied *Stone v. Powell*, 428 U.S. 465 (1976). However, the Magistrate Judge's R&R (and the Supreme Court of Virginia's order) does not even cite to *Stone v. Powell*, let alone apply that case to the recommendation. These two objections are meritless and are overruled.

Similar to the reasons stated in Sec. VII, the Magistrate Judge correctly found that Morton has failed to give any explanation as to why he should not be bound by his representation to the circuit court that he was satisfied with his trial counsel. Furthermore, it is clear that Morton's counsel made a strategic decision to present this fact-intensive question to a jury as opposed to having it ruled on by a judge who was not acting as the factfinder. *See Harrington v. Richter*, 562 U.S. 86, 109 (2011) ("There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." (citation modified)). Morton ultimately pled guilty (and stated that he did so because he was in fact guilty) before his trial counsel had an opportunity to challenge the supposed jurisdictional issues. This objection is overruled.

IX.    Objection 16: Trial Counsel's Alleged Failure to Advise on Elements of Offense

For the same reasons that he stated in prior objections, Morton argues that the Magistrate Judge erred in recommending a denial of Ground 8 of Morton's petition. Morton argues in Ground 8(a) that his trial counsel was ineffective for failing to properly advise him of the elements of his offense. Morton then argues in Ground 8(b) that his counsel was ineffective for failing to properly advise him of a double jeopardy defense.

For Ground 8(a), the Magistrate Judge found that Morton failed to provide any reason why he was not bound by his prior statements attesting to the fact that he had ample time to discuss the charges against him with his attorney, that he understood the charges, and that he was satisfied with the services of his attorney. R&R at 40. The Magistrate Judge also found that Morton did not show that his counsel's performance was deficient or that he was prejudiced as a result of such performance. *Id.* For the reasons stated *supra* in Sec. VII and VIII, the Magistrate Judge correctly ruled that Morton's new allegations do not overcome his prior statements made to the contrary in

11

court during his guilty plea. Morton stated that he spoke with his attorney about his charges, that he understood the charges for which he was pleading guilty, and then the circuit court found that he had intelligently pled guilty "with an understanding of the nature of the charges and the consequences of the plea." Dkt. No. 12-1, at 209, 240, 244–46.

For Ground 8(b), the Magistrate Judge ruled—as the Supreme Court of Virginia did—that Morton failed to establish any prejudice given that no reasonable defendant in Morton's position would have turned down a plea under the circumstances outlined in pages 11 through 15 of the Supreme Court of Virginia's order. *See* Dkt. No. 12-1, 215–19. Morton obtained a remarkable plea agreement that gave him an active period of incarceration for less than the mandatory minimum sentence that he would have received had he been convicted after a trial for either one of his two charges. *Id.* Morton's supposed double jeopardy defense would not have eliminated both charges, rather it would only strike one of the charges. Morton's trial counsel intelligently negotiated a very favorable plea for Morton, and this attorney's services were in no way ineffective. This objection is overruled.

X.    Objection 17: Trial Court's Alleged Impartiality

In Objection 17, Morton generally objects to the Magistrate Judge's recommendation to deny Ground 9(a), which alleged that the trial court violated due process because it was not impartial when ruling on Morton's motion to withdraw his guilty pleas because "[a] judge who authorized wiretaps forming the basis of [his] prosecution presided over [Morton's] plea withdrawal hearing." Obj. at 13. The Magistrate Judge also recommended denial of Grounds 9(b) and 9(c), and Morton does not raise any objection for those arguments.

For the reasons stated *supra* in Footnote 2, the objection for Ground 9(a) is overruled. In addition, this Court does not find any error in the Magistrate Judge's reasoning for Grounds 9(b)

12

and 9(c), and therefore this Court adopts that reasoning.

XI.   Objection 18: Constructive Denial of Appellate Counsel

Morton objects to the Magistrate Judge's recommendation to deny Ground 10, which contends that Morton was constructively denied appellate counsel given that the trial court ordered his trial counsel to continue representing Morton on appeal despite the fact that both Morton and his counsel moved to withdraw the attorney from further representation. Morton raises only a general objection to the Magistrate Judge's ruling that does not provide any specific error that the Magistrate Judge committed.

Morton's conclusory argument does not require the Court to conduct a further *de novo* review of the R&R. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that *de novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). Nevertheless, a review of the record before the Court confirms the Magistrate Judge's conclusion, and the objection is overruled.

XII.   Objection 19: Inclusion of Transcripts into Appellate Record

In his final objection, Morton argues that because he objected to the inclusion of court transcripts as part of the court record, the Magistrate Judge erred in concluding that the court transcripts were a valid part of the court record under Virginia Supreme Court Rule 5A:8.

Morton's argument is meritless. Morton filed a *pro se* motion with the circuit court (despite being represented by counsel) objecting to the inclusion of every court transcript that was recorded during the pendency of his criminal case. *See* Circuit Court Record, at 663–65. Morton's motion does not list any specific error in the transcripts, alleging only that the transcripts were not certified by the court reporter as being true – which is false. *See, e.g.,* Circuit Court Record, at 532, 538,

13

566, 588, 632, 662 (signed statements by court reporter attesting to truth and accuracy of transcripts). In addition, Morton's *pro se* motion would have ultimately failed because he did not provide any specific objections to the accuracy of the transcripts that could have been corrected by the circuit court and his only specific objection was easily rebutted by looking at the transcripts themselves. *See* Va. R. Sup. Ct. 5A:8(d) (The objecting party must file any objections . . . specifying the errors alleged or deficiencies asserted."). Therefore, the circuit court had no reason to entertain Morton's *pro se* motion, and the transcripts were properly made part of the appellate record in Morton's direct appeal. As such, the transcripts are also properly before this Court. The objection is overruled.

Having reviewed the record and examined the objections filed by Morton to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, the Court **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss, Dkt. No. 14, be **GRANTED**, and that the Petition, Dkt. No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of the Respondent.

Finding that the procedural basis for dismissal of Morton's § 2254 Petition is not debatable, and alternatively finding that Morton has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Morton is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Morton intends to seek a certificate

14

of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Order. Morton may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Order to Morton and to counsel of record for the Respondent.

It is so ORDERED.

/s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: March 20, 2026